# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT
## 14-2301

_____

**TROY K. SCHEFFLER,**

    Appellant,

v.

**INTEGRITY FINANCIAL PARTNERS, INC.**

and

**NATIONAL ASSET RECOVERY SERVICES, INC.,**

    Appellees.

---

## REPLY BRIEF OF APPELLANT TROY K. SCHEFFLER

---

| ATTORNEYS FOR APPELLANT | ATTORNEYS FOR APPELLEES |
|---|---|
| Thomas J. Lyons, Jr. (#249646) | Aaron Easley |
| Thomas J. Lyons, Sr. (#65699) | Admitted *pro haec vice* |
| Consumer Justice Center, P.A. | Sessions, Fishman, Nathan & Israel, LLC |
| 367 Commerce Court | 200 Route 31 North, Suite 203 |
| Vadnais Heights, MN 55127 | Flemington, NJ 08822-5736 |
| 651.770.9707 | 908.751.5797 |
| tommycjc@aol.com | aeasley@sessions-law.biz |
| | |
| Peter J. Nickitas (#212313) | Thomas Schaefer (#213587) |
| Peter J. Nickitas Law Office, LLC | Erstad & Riemer, P.A. |
| 431 S. 7th St., Suite 2446 | 8009 34th Avenue South |
| P.O. Box 15221 | Minneapolis, MN 55425 |
| Minneapolis, MN 55415-0221 | 952.837.3250/FAX 952.767.7050 |
| 651.238.3445/FAX 1.888.389.7890 | tschaefer@erstad.com |
| peterjnickitaslawllc@gmail.com | |

# REPLY SUMMARY—ORAL ARGUMENT REQUESTED.

Integrity and **NARS** defend their cyber-bait-and-switch with nothing more than, "We own the telephone numbers and that is enough."

A law student buys a black robe from a choir supply company. She walks into the courthouse wearing the robe. She claims to be a judge. Is she a judge? No. Is she misleading unsophisticated consumers of courthouse services? Yes. Nonetheless, appellees would call her "Your Honor."

A police academy cadet makes a perfect replica of Los Angeles Police Department Badge #714. He wears the badge on his uniform. Does the badge make him a cop? No. Appellees say the badge makes him Sergeant Joe Friday. Whether a bait-and-switch operator *owns* the bait is irrelevant. Bait-and-switch itself is deception.

## Appellees' arguments must fail for three reasons:

1. Their newly-raised "communications" argument is meritless.

2. *Pace v. Portfolio Recovery Assoc., LLC*, 872 F.Supp.2d 861 (W.D. Mo. 2012), is inapposite.

3. *Glover v. Client Services, Inc.*, 1:07-CV-81 (W.D. Mich. Oct. 2, 2007), exposes the appellees' weaknesses to fatal scrutiny.

The court should reverse and remand for trial and class certification reconsideration  Mr. Scheffler renews his 20-minute oral argument request.

Appellate Case: 14-2301     Page: 2     Date Filed: 09/22/2014 Entry ID: 4198922

# TABLE OF CONTENTS

ITEM                                                                    PAGE

Reply Summary                                                           i

Table of Contents                                                       ii

Table of Authorities                                                    iii

Jurisdictional Statement                                                1

Recapitulated Summary of Argument                                       2

Law and Argument                                                        3

I. Restated Governing Law                                       3

    A. Appellate Review                                  3

    B. Standard for Fed. R. Civ. P. 56                   4

    C. FDCPA                                             5

  II. Argument                                                     10

    Point I: Appellees' "Communication" Argument        10

    Point II: *Pace*: Inapposite                        16

    Point III: *Glover*: Exposing Appellees' Weaknesses 17

Recapitulation                                                          22

Conclusion                                                              26

Certificate of Word Count                                               27

Certificate of Service                                                  28

Appellate Case: 14-2301    Page: 3    Date Filed: 09/22/2014 Entry ID: 4198922

# TABLE OF AUTHORITIES

ITEM                                           PAGE

A. CONSTITUTIONAL PROVISIONS

U.S. Const. amend. VII                  20, 41

B. CASES

*Akalwadi v. Risk Management Alternatives, Inc.,*      25
336 F.Supp.2d 492 (D. Md. 2004)

*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242 (1986)   4, 15, 16, 25

*Bright v. Asset Acceptance, LLC,*
2013 US Dist LEXIS 108432,
11-5846 (D. N.J. Aug. 1, 2013)         11, 19-24

*Carman v. CBE Group, Inc.,*          17, 18, 21
782 F.Supp.2d 1223 (D. Kans. 2011)

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)     4

*Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000)    3, 5

*Elliott v. GC Services, LP,*         18, 21
8:10-cv-1976-T-24-TBM, 2011 WL 5975671
(M.D. Fla. Nov. 28, 2011)

*Foti v. NCO Financial Systems, Inc.,*       12-14
424 F.Supp.2d 643 (S.D.N.Y. 2006)

Appellate Case: 14-2301    Page: 4    Date Filed: 09/22/2014 Entry ID: 4198922

ITEM                                                    PAGE

B. CASES (CONTINUED)

*Glover v. Client Services, Inc.,*                       i, 2, 17-19,

    1:7-CV-81, 2007 WL 2202209,                        21, 24

    (W.D. Mich. Oct. 2, 2007)

*Hormel v. Helvering,* 312 U.S. 552 (1941)              3, 10, 12

*Hosseinzadeh v. M.R.S. Assocs., Inc.,*

    387 F. Supp. 2d 1104 (C.D. Cal. 2005)             5, 6, 12

*Knoll v. Allied Interstate, Inc.,*                     5-8, 11, 14,

    502 F. Supp. 2d 943 (D. Minn. 2007)               19, 21

*Mark v. J.C. Christensen & Assocs., Inc., No. 09-100,*   13, 17

    2009 WL 2407700 (D. Minn. Aug. 4, 2009)

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*    4

    475 U.S. 574 (1986)

*Middlesex County Sewerage Authority*                   9

    *v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1 (1981)

*MIF Realty, LP v. Rochester Associates,*

    92 F.3d 752 (8th Cir. 1996)                       3, 16

Appellate Case: 14-2301    Page: 5    Date Filed: 09/22/2014    Entry ID: 4198922

# TABLE OF AUTHORITIES (CONTINUED)

ITEM                                                              PAGE

B. CASES (CONTINUED)

*Pace v. Portfolio Recovery Assoc., Inc.,*                        i, 2, 16-17

    872 F.Supp.2d 861 (W.D. Mo. 2012)

*Pipiles v. Credit Bureau of Lockport, Inc.,*                     12

    886 F.2d 22 (2d Cir. 1989)

*Romea v. Heiberger & Asocs.,* 163 F.3d 111 (2d Cir. 1998)       12

*Rosebud Sioux Tribe,* 733 F.2d 509, 515 (8ᵗʰ Cir.),            3

    cert. denied, 469 U.S. 1072 (1984).

*Sims v. Apfel,* 530 U.S. 103 (2000)                             3-4, 10-11

*Sohns v. Bramacint, LLC,*                                       6-7, 22

    09-cv-1125 (D. Minn. Oct. 10, 2010)

*Thompson v. Nat'l Credit Adjusters, LLC,*                       13, 14

    10-cv-2307 (D. Minn. Oct. 31, 2012) (Nelson, Susan, J.)

*Tolan v. Cotton,* 572 U.S. ___, 134 S. Ct. 1861 (2014)         4-5, 15-16,
                                                                  23, 25

*U.S. v. Pirani,* 406 F.3d 543 (8ᵗʰ Cir. 2006)                  4, 10, 12

Appellate Case: 14-2301   Page: 6   Date Filed: 09/22/2014   Entry ID: 4198922

# TABLE OF AUTHORITIES (CONTINUED)

ITEM                                                      PAGE

C. <u>STATUTES</u>

15 U.S.C. § 1692                                          *passim*

15 U.S.C. § 1692a(2)                                      10-12, 14-15

15 U.S.C. § 1692d(6)                                      *passim*


15 U.S.C. § 1692e(10)                                     *passim*


15 U.S.C. § 1692f                                         6-7

47 U.S.C. § 227(e)(1-3)                                   6-9, 11, 17

D. <u>RULES</u>

Fed. R. Civ. P. 56                                        *passim*

Fed. R. Civ. P. 60(b)                                     2, 3, 16, 25

E. <u>OTHER SOURCES</u>

76 Fed. Reg. 139, pp. 43196 – 43206 (July 20, 2011)      7, 9, 12

Colin Hector, "Debt Collection in the Information Age:    8, 9

    New Technologies and the Fair Debt Collection Practices Act",

    99 Cal. L. Rev. 1601 (2011),

http://scholarship.law.berkeley.edu/californialawreview/vol99/iss6/4

Appellate Case: 14-2301    Page: 7    Date Filed: 09/22/2014   Entry ID: 4198922

# JURISDICTIONAL STATEMENT

Following his timely notice of appeal, Mr. Scheffler filed and served his principal brief and appendix on time. Appellees served and filed their timely brief on 11 September 2014. This reply brief follows nine days later, within the prescribed ten days.

Appellate Case: 14-2301    Page: 8    Date Filed: 09/22/2014 Entry ID: 4198922

# RECAPITULATED SUMMARY OF ARGUMENT

Appellees have no Minnesotan physical presence. Using LocalTouch,[sm] appellees baited Scheffler into answering a nameless call "Osseo, MN 763-447-4600", and switched him to their Kansan debt collector agent.

Scheffler called Integrity back on the local number on caller ID several times. Disputing Integrity, each call by Scheffler yielded an inoperative number or a fast busy signal, and never a successful connection.

Debt collectors must contact consumer debtors to make money. Debt collectors must be truthful *ab initio*. Consumer debtors have the right to answer, or not answer, their phones, without fear of fraud or coercion.

Appellees' "communications" argument is a meritless failure. *Pace v. Portfolio Recovery Assoc., Inc.*, 872 F.Supp.2d 861 (W.D. Mo. 2012), is the case of a debt collector that disclosed truthfully its identity by caller ID. *Pace* hurts the appellees. *Glover v. Client Services, Inc.*, 1:07-CV-81 (W.D. Mich. Oct. 2, 2007), distinguishable by itself, opens the door to jury trial on the appellees' deceptive debt collection means, the ease of a nonmisleading caller ID display, and the credibility of appellees' LocalTouch[sm] "debtor convenience" argument. Following requested oral argument, the court should reverse the summary judgment and 60(b) denial below, and remand for trial and class certification consideration.

2

**LAW AND ARGUMENT**

## I. RESTATED GOVERNING LAW

### A. APPELLATE REVIEW

#### 1. Fed. R. Civ. P. 56

This court reviews the grant of Fed. R. Civ. P. 56 judgment *de novo*. See *Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. 2000) (FDCPA case; summary judgment for debt collector rev'd and remanded for entry of partial summary judgment for debtor-consumer).

#### 2. Fed. R. Civ. P. 60(b)

> Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect.... Although we have said that Rule 60(b) motions are disfavored, we also recognize that they "serve a useful, proper and necessary purpose in maintaining the integrity of the trial process, and a trial court will be reversed where an abuse of discretion occurs." *Rosebud Sioux Tribe*, 733 F.2d 509, 515 (8th Cir.), <u>cert. denied</u>, 469 U.S. 1072 (1984).

*MIF Realty, LP v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir. 1996) (Rule 60(b) relief granted in view of district court's clearly erroneous finding of fact).

#### 3. Issue Review on Appeal

"'Ordinarily an appellate court does not give consideration to issues not raised below.'" *Sims v. Apfel*, 530 U.S. 103, 108-09 (2000), <u>quoting</u> *Hormel v. Helvering*, 312 U.S. 552, 556 (1941) (adversarial proceeding in *Hormel*;

3

policy for doctrine strong in adversarial proceeding; weaker basis in Social Security appeal as in *Sims*; applicant's issue not waived).  <u>See also</u> *U.S. v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2006) (factual constitutional issue alleged; not clearly preserved at trial and therefore not reviewable as issue on appeal).

## B. STANDARD FOR FED. R. CIV. P. 56

The summary judgment movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Fed. R. Civ. P. 56(c)(2), *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies its burden, the party opposing the motion must respond by submitting evidentiary materials that "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  <u>See</u> *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Verified complaints comprise affidavits for Rule 56.  <u>See</u> *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994).

The court must draw inferences from the record in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), *Tolan v. Cotton*, 572 U.S. ___, 13-551 (U.S. May 5, 2014).  The court must give due regard to material factual disputes and resist evidence weighing and credibility determination, lest it commit reversible error.  U.S.

Appellate Case: 14-2301    Page: 11    Date Filed: 09/22/2014 Entry ID: 4198922

Const. amend. VII, *Tolan*, 572 U.S. at ___, 13-551 at 8, ¶1 and 10 – 11.

## C. FDCPA, 15 U.S.C. § 1692 *ET SEQ*

### 1. "Unsophisticated Consumer"

The FDCPA prohibits all manner of unfair, deceptive, false, misleading, and coercive debt collection practices. The FDCPA applies an objective measure of the "unsophisticated consumer," to protect both the naïve and uninformed consumer and the objectively reasonable debt collector. *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000).

### 2. 15 U.S.C. § 1692d

Under § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

"[T]he placement of telephone calls without meaningful disclosure of the caller's identity" violates this section. Id., § 1692d(6). "Meaningful disclosure requires a debt collector to `disclose enough information so as not to mislead the recipient as to the purpose of the call.'" *Knoll v. Allied Interstate, Inc.*, 502 F. Supp. 2d 943, 946 (D. Minn. 2007) (Magnuson, Paul, S.J.) (denying defendant's Fed. R. Civ. P. 12(b)(6) motion on caller ID spoofing case; settled, quoting *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F.

Appellate Case: 14-2301    Page: 12    Date Filed: 09/22/2014 Entry ID: 4198922

Supp. 2d 1104, 1112 (C.D. Cal. 2005)[1]). 15 U.S.C. 1692d(6) "does not prohibit a debt collection agency employee from using an alias during a telephone call, as long as the employee accurately discloses the name of the debt collection agency and explains the nature of its business." *Knoll*, 502 F.Supp.2d at 946, <u>cited in</u> *Sohns v. Bramacint, LLC*, 09-cv-1125, p. 2 (D. Minn. Oct. 10, 2010) (Ericksen, Joan E., J.).[2]

Disclosure of the identity of the debt collector caller and the debt collector's purpose on the debtor's return call is too late. *Knoll* at 946 -47 (claim stated at §§ 1692d and 1692e), *Sohns* at 09-cv-1125, p. 2:

> Such disclosure was too late....  Indeed, Knoll claims that Defendant purposefully hid its identity and misled him as to the purpose of the call.  [*Knoll* at 946]....  The Court finds the reasoning of *Knoll* persuasive.

### 3. 15 U.S.C. §§ 1692e and 1692f

> Under § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" or

---

[1]  *Hosseinzadeh*; summary judgment granted in plaintiff's favor under § 1692d(f) for failure of meaningful disclosure test; "The Court concludes that defendant violated § 1692d(6) when its employees failed to disclose defendant's identity and the nature of defendant's business in the messages left on plaintiff's answering machine."  *Hosseinzadeh*, 387 F.Supp.2d at 1112.

[2] <u>Cf.</u> *Glover v. Client Services, Inc.*, 1:07-CV-81, 2007 WL 2202209 (W.D. Mich. Oct. 2, 2007) (no FDCPA violation in causing caller ID to read "unavailable"; consistent with Truth in Caller ID Act of 2009, 47 U.S.C. § 227(e)(2), <u>infra</u>).

6

"[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization" violates this section. 15 U.S.C. § 1692e(10), (14). Finally, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Id. § 1692f.

(*Sohns,* supra*;* summary judgment in the favor of plaintiff against defendant who used caller **ID** spoofing to present plaintiff's mother-in-law's phone number falsely on her caller **ID** screen).

## 4. Meaningful Disclosure

Transmission of a false name, unrelated to the third-party debt collector, violates § 1692d(6). *Knoll,* 502 F.Supp.2d at 945. The text available for caller identification transmission does not prevent the calling debt collector from a full, meaningful disclosure in compliance with § 1692d(6). *Knoll* at 946.

The debt collector must make "full, meaningful disclosure" from the outset. *Sohns*, 09-CV-1125 at 2 – 3, citing *Knoll* (*Sohns*; caller **ID** spoofing to present mother-in-law's telephone number falsely on caller **ID** screen; court granting summary judgment for plaintiff on §§ 1692d – 1692f claims). See also 47 U.S.C. § 227(e)(1 – 3) (2010) (falsity prohibited; "blocking" allowed).

The implementing regulations for the Truth in Caller ID Act of 2009, 76 Fed. Reg. 139, pp. 43196 – 43206 (July 20, 2011), which the Federal Communications Commission published, state:

Appellate Case: 14-2301    Page: 14    Date Filed: 09/22/2014 Entry ID: 4198922

12. We decline to adopt any other exemptions from the Act....
<u>Companies that provide call management services to
telemarketers and debt collectors have also asked the
Commission for an exemption allowing manipulation of caller
ID information so that a call recipient's caller ID displays a local
number, regardless of where the calling party is located....  We
do not find any of these exemptions to be necessary or
appropriate</u>....

20. <u>Information regarding the origination (of a call)</u>.  The
definitions of ``caller identification information'' and ``caller
identification service'' in the Act and in the rules we adopt today
both use the phrase ``the telephone number of, or other
information regarding the origination of, a call.'' We define
``information regarding the origination'' to mean any: (1)
Telephone number; (2) portion of a telephone number, such as
an area code; (3) name; (4) location information; (5) billing
number information, including charge number, ANI, or pseudo-
ANI; or (6) other information regarding the source or apparent
source of a telephone call. The definition we adopt today mirrors
the proposed definition, but adds ``billing number information
including charge number, ANI, or pseudo-ANI'' to the types of
information that constitute ``information regarding the
origination.''
...

<u>Id.</u>, p. 43199.  <u>See also, in accord</u>, Colin Hector, "Debt Collection in the

Information Age: New Technologies and the Fair Debt Collection Practices

Act", 99 Cal. L. Rev. 1601, 1623 n. 134, 1624 (2011),

http://scholarship.law.berkeley.edu/californialawreview/vol99/iss6/4:  "The

specific use of caller-ID at issue in [*Knoll v.*] *Allied Interstate* [502 F.Supp.2d

943 (D. Minn. 2007)] ... has also been specifically prohibited by Congress.

<u>See</u> Truth in Caller ID Act of 2009 § 2, 47 U.S.C. § 227(e) (2010).

8

...

> "Debt collectors should find sufficient guidance in the flexible approach applied in the deceptive use of technology cases. Under this approach, the question is whether collectors use technology to deceive the consumer, and thus obtain information that the debt collector would otherwise not be able to obtain."

### 5. Non-exclusivity of Remedies

The Truth in Caller ID Act of 2009 and its implementing regulations do not limit violations of the terms of the Act to the sparse remedies under the Act, 47 U.S.C. § 227(e), 76 Fed. Reg. 139, pp. 43196 – 43206 (July 20, 2011), nor do they supplant FDCPA remedies. See *Middlesex County Sewerage Authority v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20-21 (1981) (pervasive remedies in newer statutes supplanting older § 1983 remedies).

The argument against FDCPA remedies for violations of general FDCPA provisions that violate specific Truth in Caller ID Act provisions falters. Unlike *Nat'l Sea Clammers*, supra, the new act does not supplant an older remedial statute with a pervasive remedial scheme. Hector, supra, makes the point succinctly: "[T]he question is whether collectors use technology to deceive the consumer, and thus obtain information that the debt collector would otherwise not be able to obtain."

Appellate Case: 14-2301   Page: 16   Date Filed: 09/22/2014 Entry ID: 4198922

## II. ARGUMENT

## POINT I

## THE
## APPELLEES'[3]
## "COMMUNICATIONS"
## ARGUMENT IS MERITLESS.

The appellees' "communications" argument[4] is meritless.

### A. Failure to Raise Issue

"'Ordinarily an appellate court does not give consideration to issues not raised below.'" *Sims v. Apfel*, 530 U.S. 103, 108-09 (2000), quoting *Hormel v. Helvering*, 312 U.S. 552, 556 (1941) (adversarial proceeding in *Hormel*; policy for doctrine strong in adversarial proceeding; weaker basis in Social Security appeal as in *Sims*; applicant's issue not waived), *U.S. v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2006) (criminal proceeding; factual constitutional issue not clearly preserved at trial and therefore not reviewable on appeal).

Before the district court, Appellees stated in dictum, without citation to Minnesota or Eighth Circuit law, "[T]here is no support for the proposition that the transmission of information via a caller ID device is a "communication" under the FDCPA. See §§ 1692d(6) and 1692a(2)."[5]

---

[3] The district court found **NARS** to be the parent of Integrity at all relevant times. A_000299, Docket #55, p. 2 ¶1.

[4] Appellees' Brief p. 7

[5] 12-cv-188, Document #28, p. 8, p. 8 n. 1

Appellate Case: 14-2301    Page: 17    Date Filed: 09/22/2014 Entry ID: 4198922

In the next paragraph, Appellees admitted that the court denied the defendant's motion to dismiss §§ 1692d(6) and 1692e(10) claims in *Knoll v. Allied Interstate, Inc.*, 502 F.Supp.2d 943 (D. Minn. 2007) (Magnuson, Paul, S.J.), and recognized the caller ID display of the name "Jennifer Smith," without any debt collector-identifying information, as a communication.[6] The court analyzed the defendant's claim that "Jennifer Smith" was a legitimate alias consistent with other cases allowing debt collection agents to use aliases, and **rejected the defendant's argument: "**[T]here is no fear that a disgruntled debtor would pursue the debt collection agency employee. The Court therefore denies the Motion on the § 1692e claim." *Knoll*, 502 F.Supp.2d at 947.

The proceeding below was adversarial, unlike the Social Security hearing in *Sims*. 530 U.S. at 108-09. The appellees made an unsupported argument as to § 1692a(2), and then immediately exposed themselves to have misled the court.[7] Appellees did not cross-appeal on the matters of

---

[6] "Defendant relies on these cases to argue that the FDCPA permits the use of aliases in **collection communications** when the alias (1) does not mislead the consumer as to the amount of a debt, the consequences of nonpayment, or the consumer's rights; and (2) does not suggest that the consumer is being contacted by someone more intimidating than the actual debt collector." *Knoll*, 502 F.Supp.2d at 947 [emphasis added].

[7] In *Bright v. Asset Acceptance, LLC*, 2013 US Dist LEXIS 108432, 11-5846, (D. N.J. Aug. 1, 2013), current counsel for NARS, then representing Asset Acceptance, failed to disclose 47 U.S.C. § 227(e)(1) (2010) ("Truth in Caller

Appellate Case: 14-2301     Page: 18     Date Filed: 09/22/2014  Entry ID: 4198922

"communication" or § 1692a(2). Accordingly, the court must set aside appellees' "communication" and § 1692a2) arguments as untimely, improper appellate arguments. *Sims*, 530 U.S. at 108-09, *Hormel*, 312 U.S. at 556, *Pirani*, 406 F.3d at 550.

## B. "Communication" Hurdle Does Not Neutralize False, Deceptive, or Misleading "Means".

The appellees' "communication" argument founders as a matter of law.

The FDCPA defines "communication" under § 1692a(2) very broadly. See *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 654-55 (S.D.N.Y. 2006) (motion to dismiss denied as to voicemail), citing *Romea v. Heiberger & Asocs.*, 163 F.3d 111, 114 n. 2 (2d Cir. 1998) (§1692a(2)), *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989) (same), and *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F.Supp.2d 1104, 1116 (C.D. Cal. 2005) (voicemail as "first step" in process designed to communicate with plaintiff-debtor; motion to dismiss denied); *Foti*, 424 F.Supp.2d at 655-56:

> Specifically, the message advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter. Given that the obvious purpose of the message was to provide the debtor with enough information to

ID Act) or the implementing regulations, 76 Fed. Reg. 139, pp. 43196 – 43206 (July 20, 2011), which identify Caller ID displays as transmissions and communications, in advancing the same argument. 11-5846, Docket 46, p. 33¶2

Appellate Case: 14-2301    Page: 19    Date Filed: 09/22/2014 Entry ID: 4198922

**entice** [emphasis added] a return call, it is difficult to imagine how the voicemail message is not a communication under the FDCPA.

The use of "false, deceptive means" in violation of 15 U.S.C. § 1692e(10) does not depend on holding the false representation to be a "communication". *Foti*, 424 F.Supp.2d at 654 (motion to dismiss denied in part). See also *Thompson v. Nat'l Credit Adjusters, LLC*, 10-cv-2307, pp. 5-6 of 6 (D. Minn. Oct. 31, 2012) (Nelson, Susan, J.), citing with approval, *Foti*, 424 F.Supp.2d at 655-56, and *Mark v. J.C. Christensen & Assocs., Inc., No. 09-100*, 2009 WL 2407700, *3 (D. Minn. Aug. 4, 2009) (*Thompson;* "message alert" letter failing to identify debt collector and its skip tracing co-defendant sent to Plaintiff with instructions to call designated number and retrieve voicemail; call led to tracking debtors; Plaintiff's motion for partial summary judgment for violation of 15 U.S.C. § 1692e(10) granted):

> By that time, however, the phone system had recorded the debtor's telephone number and matched to the consumer's account using the message ID number. The Court determines that an unsophisticated consumer would not know, upon receiving the Letter, that the purpose of the communication was an attempt to collect a debt. Therefore, the Court determines that the Letter violated § 1692e(10)[;]

*Thompson*, p. 5 of 6; and

> As in *Foti* and *Mark*, the purpose of the Letter was to provide the consumer with enough information to **entice** [emphasis added] a return call. These cases establish that a debt collector cannot seek a return call – as Synergy did here – without

13

disclosing its status as a debt collector. As such, the Letter violated 15 U.S.C. § 1692e(11).

*Thompson*, p. 6 of 6.

See also *Knoll*, 502 F.Supp.2d at 947, supra (not dwelling on "communications" and attacking "Jennifer Smith" display as false, deceptive *means* to collect debt in violation o §§ 1692d(6) and 1692e(10)).

The caller ID display "Osseo, MN 763-447-4600" is the electronic equivalent of the return address on an envelope. It is part of a communication from the appellee debt collector, Integrity, and fails to disclose Integrity's identity and status. 15 U.S.C. § 1692a(2), *Foti*, 424 F.Supp.2d at 655-56. Whether it is a communication or not, the LocalTouch℠-generated "Osseo, MN" **entices** the 763 area code debtor recipient to pick up the phone, to enable Integrity to collect the debt. A_000172, Del Vecchio Dep., 29:12-25, 30:2-12 (admission as to the reason for purchase and use of LocalTouch℠ numbers):

> Q. Okay, and, so, that's an advantage, is it
> 3 not, to be calling people in Osseo, Minnesota, and
> 4 saying -- let me finish -- and saying that, hey,
> 5 we got a 763 number, this is a local call from
> 6 somebody local, so, pick it up, right?
> **7 A. We obviously have purchased the numbers**
> **8 for a reason.**
> 9 Q. And that's the advantage, is it not?
> **10 A. Absolutely, to get -- to increase our**
> **11 contact rates is one of the reasons that we use**
> **12 the product.**

Appellate Case: 14-2301    Page: 21    Date Filed: 09/22/2014 Entry ID: 4198922

...

> 21 Q. But, what do you ascertain is the reason
> 22 that the call penetration numbers are going up?

> **23 A. Obviously the product has some benefit.**

> 24 Q. Okay, and tell me what you think that
> 25 benefit is.

> **33A. It, it motivates people to answer the
> 2 phone.**

A_000172, Del Vecchio Dep. 32:1–33:25.

Regardless of 15 U.S.C. § 1692a(2), the false, misleading local call Caller ID display enticement makes no meaningful disclosure of appellees' identity or purpose, in defiance of 15 U.S.C. §§ 1692d(6) and 1692e(10). The material dispute between Mr. Scheffler's sworn testimony as to the "fast busy" and no Integrity representative[8] and appellees' 30(b)(6) testimony that "763-447-4600" would reach an Integrity representative in Overland Park, Kansas[9] requires a jury trial. *Tolan v. Cotton*, 572 U.S. at ___, 134 S. Ct. at ___, 13-551 at 8, ¶1, <u>citing</u> *Anderson*, 477 U.S. at 249:

> Considered together, these facts lead to the inescapable conclusion that the court below credited the evidence of the party seeking summary judgment and failed properly to

---

[8] A_000003, VC¶26, A_000220, Scheffler Dep. p. 111:8, A_000305, Docket #55, p. 9 n. 4
[9] A_000179, Del Vecchio Dep. 57:11-17, A_000305, Docket #55, p. 9, n. 4

Appellate Case: 14-2301    Page: 22    Date Filed: 09/22/2014 Entry ID: 4198922

> acknowledge key evidence offered by the party opposing that motion.

(*Tolan*; reversal and remand for lower courts' failures to address four material disputed facts).

The court's failure to apply the proper legal standard under Rule 56 and *Anderson*[10] is an abuse of discretion that Rule 60(b) remedies with reversal and remand.  *MIF Realty, LP v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir. 1996) (Rule 60(b) denial rev'd and remanded).

The appellees' "communication" argument is meritless.  The court should reverse the district court and remand for jury trial on Mr. Scheffler's 15 U.S.C. §§ 1692d(6) and 1692e(10) claims.

## POINT II

### APPELLEES' CITATION OF *PACE V. PORTFOLIO RECOVERY ASSOC., LLC,* 872 F.SUPP.2D 861(W.D. MO. 2012), IS MISPLACED.

The appellees' citation of *Pace v. Portfolio Recovery Assoc., LLC,* 872 F.Supp.2d 861 (W.D. Mo. 2012)[11], is misplaced.

The court granted summary judgment in the favor of Portfolio Recovery because it truthfully identified itself as a calling debt collector with

---

[10] The Court decided *Tolan* on 5 May 2014, five days after the district court's denial of Mr. Scheffler's Rule 60(b) motion, and twenty-five days before the appeal notice deadline.  *Tolan*, 13-551 (U.S. May 5, 2014).
[11] Appellees' Brief p. 19

Appellate Case: 14-2301     Page: 23     Date Filed: 09/22/2014 Entry ID: 4198922

Caller ID. *Pace*, 872 F.Supp.2d at 865. In contrast, Integrity failed to identify itself, its Kansas origin[12], or its debt collecting purpose with "Osseo, MN 763-447-4600".

*Pace* hurts the appellees. The court should set aside appellees' arguments, send Mr. Scheffler's §§ 1692d(6) and 1692e(10) to trial, vacate the cost award, and open the case for reconsideration of class certification.

## POINT III

### *GLOVER V.*
### *CLIENT SERVICES, INC.,*
### 1:07-CV-81, 2007 WL 2202209
### (W.D. MICH. OCT. 2, 2007), EXPOSES
### <u>THE APPELLEES' WEAKNESSES TO FATAL SCRUTINY.</u>

*Glover v. Client Services, Inc.*, 1:07-CV-81, 2007 WL 2202209 (W.D. Mich. Oct. 2, 2007), exposes the appellees' weaknesses to fatal scrutiny.

In *Glover* the debt collector displayed "unavailable" on the debtor's caller ID. Unremarkably, the court found this caller ID display to be a lawful, nonmisleading communication. *Glover*, p. 3 of 6 ("The Court discerns nothing false or deceptive about Defendant's actions[]"),Truth in Caller ID Act of 2009, 47 U.S.C. § 227(e)(2), <u>supra</u> (same; caller ID blocking allowed).

Appellees rely upon *Carman v. CBE Group, Inc.*, 782 F.Supp.2d 1223

---

[12] A_000003, VC ¶ 21, A_000195, Del Vecchio Dep. Ex. 4.

Appellate Case: 14-2301     Page: 24     Date Filed: 09/22/2014 Entry ID: 4198922

(D. Kans. 2011), which cites *Glover*[13]. *Carman*, 782 F.Supp.2d at 1233, n. 54. *Carman* is less helpful than *Glover*. In contrast to Integrity's false, misleading "Osseo, MN 763-447-4600", CBE calls displayed CBE's telephone numbers on Caller ID, which Plaintiff looked up and verified. *Carman* at 1233-34.

*Elliott v. GC Services, LP*, 8:10-cv-1976-T-24-TBM, 2011 WL 5975671 (M.D. Fla. Nov. 28, 2011), is another red herring.[14] Elliott testified at deposition that GC Services failed to identify itself as a debt collector in phone calls and messages. The court denied summary judgment on Elliott's §§ 1692d(6) and 1692e(11) claims. *Elliott*, p. 3 of 5.

Elliott's § 1692e(10) claim, however failed. Following *Carman*, 782 F.Supp.2d at 1233-34, and *Glover*, 2007 WL 2202209 at *3-4, the court found GC's transmitted Caller ID display, "800 service," to be neither false nor deceptive. *Elliott*, p. 3 of 5. Without displaying city, state, or other entity, *Elliott's* holding is unremarkable. Appellees use *Elliott* as a red herring to divert the court's attention from the false, deceptive, and misleading display of the purported Osseo, MN number, 763-447-4600.

*Glover* is a shortsighted, flawed, and unpublished case. The 2007 *Glover* court betrayed a troubling misapprehension of 1992 technology[15] and

---

[13] *Glover,* Appellees' Brief pp. 7 and 11, *Carman,* p. 11
[14] Appellees' Brief p. 12
[15] Introduction of Caller ID

Appellate Case: 14-2301     Page: 25     Date Filed: 09/22/2014 Entry ID: 4198922

reluctance to adapt the 1977 FDCPA to the Internet era:

> [I]t is not entirely clear that a debt collector could satisfy the meaningful disclosure requirement through use of a caller ID device. As previously noted, to comply with this requirement, the caller must state "his or her name and capacity" and "disclose enough information so as not to mislead the recipient as to the purpose of the call." It is not clear how such information could be communicated via a caller ID device.

> The Court notes an additional shortcoming with Plaintiff's interpretation of this particular provision. Plaintiff's theory that failure by a debt collector to "meaningfully identify" itself via a caller ID device constitutes a violation of the FDCPA would subject debt collectors to unfair liability because oftentimes "unavailable" (or "unknown" or "out of area") is transmitted to a recipient's caller ID device not because of any conduct on the part of the debt collector, but rather because the telephone company simply refuses to pay the fee to retrieve and transmit the caller identification information from the relevant database. See Don Oldenburg, Calls from the Wild, Washington Post, May 21, 2006, available at http://www.washingtonpost.com/wpdyn/content/article/2006/05/2 0/AR2006052000132_pf.html.

*Glover*, p. 5 of 6.

The *Glover* court sabotaged itself by citation to *Knoll v. [Allied Interstate, Inc.*, 502 F.Supp.2d 943 (D. Minn. 2007)], which recognized the debt collector's false, deceptive Caller ID display "Jennifer Smith". *Glover*, p. 3 of 6.

*Bright v. Asset Acceptance, LLC*, Civ. No. 11-5846, US Dist LEXIS 108432 (D. N.J. Aug. 1, 2013, settled and dismissed, Nov. 21, 2013), undercuts *Glover*. Then representing Asset Acceptance, NARS' attorney

19

repulsed class certification by detailed demonstration of Asset Acceptance's work with Caller ID display services firm Omega Services, LLC, local exchange carriers (LEC) AT&T and Comcast, and two Signal System Seven (SS7) providers, entities which maintained databases of telephone numbers, to comply with the FDCPA. *Bright*, 11-5846, ¶¶7-10.

Bright alleged that he received a call from the debt collector that displayed "Warranty Services," an entity with no connection to Asset Acceptance, on his Caller ID. Id., ¶2. Before Bright's call, two other debtors lodged earlier complaints against Asset Acceptance for telephone calls erroneously displaying "Warranty Services" on their Caller ID's. Id. at ¶¶12-13 (first complaint to Better Business Bureau; Asset Acceptance ascribed error to complainant's phone carrier; second complaint by debtor refusing to pay debt because of erroneous "Warranty Services" display).[16]

> Omega acquired the right to assign the xxx-xxx-xxxx telephone number from Nationsline which previously owned the 7962 number [citation omitted].  Omega first assigned the 7962 number to a company named IGPEN, Inc., and updated a calling name database to associate the CNAM [calling name] "Warranty Services" with the 7962 number [citation omitted]. IPGEN stopped using the number on or about September 3, 2008.
>
> Ten months later, on or about July 20, 2009, Omega assigned the 7962 number to Asset for Asset's exclusive use [assigning first the CNAMs "AACC" and then "ASSETACCEPTANCE"].

---

[16] All calls displayed number ending in "7962".  Id.

Appellate Case: 14-2301     Page: 27     Date Filed: 09/22/2014 Entry ID: 4198922

Id. at ¶¶9-10.

Bright had a key witness, Mr. Jay Shell, former Asset Acceptance Director of Information Technology until May 2011. Id. at ¶11. Shell confirmed that Asset hired Omega for its ability to enable clients such as Asset "to change the outbound caller ID as well as the name of the caller appearing on the recipient's caller ID." Id., Shell Declaration ¶¶2 and 7. Shell averred "that Asset believed that changing the caller ID from its original numbers to a different number within the area code of the delinquent debtor increased the chance of the debtor picking up the telephone", Id. at ¶ 12 (pp. 2-3 of 12) (Shell Decl. ¶ 6).[17]

The court denied class certification, stating, "[T]he evidence indicates that Asset took all appropriate and available steps to update the CNAM for the 7962 number to display "AssetAcceptance." Id. at ¶72 (p. 10 of 12).

*Carman's* true telephone number display, *Elliott's* "800 service" display, and *Glover's* "unavailable" display are neither false, nor deceptive, nor misleading. They do not violate the FDCPA.

*Glover's* second proposition, that a debt collector cannot control an outgoing, displayed caller ID number, *Glover*, p. 5, falls apart before *Knoll*

---

[17] See A_000172, Del Vecchio Dep. 32:1–33:25 (admitting that LocalTouch℠ works to increase debtor contact).

Appellate Case: 14-2301    Page: 28    Date Filed: 09/22/2014 Entry ID: 4198922

("Jennifer Smith"), *Sohns* ("mother-in-law"), and *Bright* (debt collector's correction of erroneous "Warranty Services" by working with LEC's and SS7 providers).   Appellees cannot shrug their shoulders and say (i) they cannot do anything about "Osseo, MN 763-447-4600" and (ii) the display is not false, deceptive, or an insufficient disclosure[18], in the face of NARS' counsel's *Bright* work, showing the actions a debt collector **can take** to contact more debtors and make more money ***without deceiving or misleading them*** before they pick up the phone.   Accordingly, the court should sweep aside the appellees' *Glover* arguments.

---

[18] 15 U.S.C. §§ 1692d(6) and 1692e(10)

Appellate Case: 14-2301     Page: 29     Date Filed: 09/22/2014 Entry ID: 4198922

# RECAPITULATION

## A. THE FACTS

"Osseo, MN 763-447-4600," appearing on the caller ID display of Mr. Scheffler's cell phone, was the first communication contact by Integrity, and its parent NARS, with Mr. Scheffler. A_000002-4, VC ¶¶ 6, 23, 33; A_000196, Del Vecchio Dep., Ex. 5. The display showed no individual's name. The display showed no business name. The display did not show "unavailable," "restricted," or "blocked," nor a toll-free number e.g., 1-800-xxx-xxxx, 1-866-xxx-xxxx, 1-877-xxx-xxxx, or 1-888-xxx-xxxx.

Appellees admit they have no office in Osseo or any office in the 763 area code. They concede that Overland Park, Kansas is the home of its headquarters and call center.

The caller ID display indicates nothing as to the originator or purpose of the call. Mr. Scheffler found the display misleading, confusing, and a matter of concern because of the local number. Through his own labors, he found that the appellees misled him.[19] Factual disputes emerge over Mr. Scheffler's actual deception and appellees' claims that "Osseo, MN 763-447-4600" is not misleading. A_000172, Del Vecchio Dep. 31:4 (**"No, it's**

---

[19] A_000002-000003, VC ¶¶ 9, 25-32, A_000233, Scheffler Dep. 129:1-15

Appellate Case: 14-2301    Page: 30    Date Filed: 09/22/2014 Entry ID: 4198922

not[]").

## B. MATERIAL DISPUTES

Mr. Scheffler testified he was unable to reach Integrity by calling 763-447-4700, and gained only inoperative numbers and fast busy signals, A_000227, Scheffler Dep. 111:9. Appellees claim that 763-447-4700 reaches Integrity's Overland Park call center, A_000179, Del Vecchio Dep. 57:7-17.

The district court read an "ownership" element that does not exist in the FDCPA, the Caller ID Act, or regulations. Docket #55, p. 9.

Integrity insisted it would continue to mask its identity, when Mr. Scheffler pressed the matter. A_000154, Lyons Decl. ¶ 5, Ex. 5, Audio Recording (comments of Integrity representative Lashawn to Mr. Scheffler), A_000003-000004, VC, ¶¶ 36–39, A_000236, Scheffler Dep. 144:1-145:25.

Feigning surprise at the evidence of greater contact rates with LocalTouch℠ Caller ID spoofing, appellees claimed that they falsely displayed local telephone numbers as a convenience to debtors. The greater expense of spoofing over a cheap toll-free number exposes the appellees' explanation to challenge as a false pretext for profit-hunting in defiance of the FDCPA.

*Glover* wrongly holds that debt collectors have no control over messages transmitted to targeted debtors' caller ID displays. *Bright* shows a debt collector, in response to consumer complaints, using technology to

Appellate Case: 14-2301    Page: 31    Date Filed: 09/22/2014 Entry ID: 4198922

assure compliance with the FDCPA.

Tests of "meaningful disclosure" and "false, deceptive means," by their own nature, do not yield one answer as a matter of law for either side. The cyber-bait-and-switch from Mr. Scheffler's vantage point is just a competitive business using its own property lawfully, according to the appellees. Witnesses' perceptions and biases shape the material facts that are in dispute. *Akalwadi v. Risk Management Alternatives, Inc.*, 336 F.Supp.2d 492, 500 (D. Md. 2004) (FDCPA cross-motions for summary judgment denied).

*Tolan v. Cotton*, 572 U.S. ___, 134 S. Ct. 1861, 13-551 (U.S. May 5, 2014), decided five days after the district court's Rule 60(b) denial, reaffirmed settled Seventh Amendment and Rule 56 law – disputed material facts that carry biases and perceptions of contending parties require jury trials. *Tolan*, 572 U.S. at ___, 134 S. Ct. at ___, 13-551 at p. 8, ¶1, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 24, 249 and 255 (1986), U.S. Const. amend. VII.

Appellate Case: 14-2301    Page: 32    Date Filed: 09/22/2014 Entry ID: 4198922

## CONCLUSION

The court must **REVERSE** the district court, vacate the cost judgment, remand the case for jury trial on the merits of Mr. Scheffler's 15 U.S.C. §§ 1692d(6) and 1692e(10) claims, and reopen consideration of appellant's motion for class certification.

20 September 2014

Respectfully resubmitted:

PETER J. NICKITAS LAW OFFICE, LLC

/s/ *Peter J. Nickitas*

_____
Peter J. Nickitas, MN Att'y #212313
Attorney for appellant
431 S. 7th St., Suite 2446
P.O. Box 15221
Minneapolis, MN 55415-0221
Tel. 651.238.3445/FAX 1.888.389.7890
Email: peterjnickitaslawllc@gmail.com

Appellate Case: 14-2301     Page: 33     Date Filed: 09/22/2014 Entry ID: 4198922

## CERTIFICATE OF WORD COUNT

I, Peter J. Nickitas, attorney for appellant, hereby certify, in accordance with Fed. R. App. P. 32(a)(7)(B)(i – iii) and 8th Cir. R. App. P. 28A(f), that this corrected brief comprises 5,218 words in all sections that must be counted, that this brief is composed on a MacBook operating 10.7.5 Lion Mac Operating System using Mac Microsoft Office Word 2008 and Adobe Acrobat Pro 11.0.0.3, that this brief is composed with Baskerville Old Face14 point typeface in all principal sections and all footnotes of the brief, and that all electronic forms of this brief are free of all known viruses.

20 September 2014        /s/ *Peter J. Nickitas*

                         _____

                         Peter J. Nickitas

## CERTIFICATE OF SERVICE

I, Peter J. Nickitas, attorney for appellant, hereby certify service of the corrected brief in electronic format upon the attorneys for the appellees by ECF on 12 August 2014.

20 September 2014        /s/ *Peter J. Nickitas*

                         _____

                         Peter J. Nickitas

Appellate Case: 14-2301    Page: 34    Date Filed: 09/22/2014 Entry ID: 4198922